E-filed 12/28/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LL B SHEET 1, LLC,<br><br>           Plaintiff,<br><br>      v.<br><br>MICHAEL J. LOSKUTOFF,<br><br>           Defendant. | Case No.16-cv-02349-BLF   (HRL)<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT REPORT #1**<br><br>Re: Dkt. No. 49 |

Plaintiff LL B Sheet 1, LLC ("LLB") sues defendant Michael Loskutoff ("Loskutoff") for intentional misrepresentation, negligent misrepresentation, fraud by concealment, and breach of contract. Dkt. No. 1. LLB alleges that Loskutoff "made material misrepresentations of fact and concealed information about the amount of rent that was generated from a cellular tower when he assigned the rent payments to Plaintiff[,]" and seeks to recover punitive damages (among other forms of relief). Dkt. No. 49, at 5. Loskutoff asserts that there was no fraud, and that this is a case of mutual mistake in which rescission is appropriate. *Id.* at 9. Under his theory of the case, Loskutoff argues, LLB would not be entitled to recover punitive damages. *Id.* The court's jurisdiction over this action is based on diversity of citizenship. Dkt. No. 1, at ¶ 4.

In the present discovery dispute, LLB requests that the court compel Loskutoff to disclose (1) "all Documents that identify [his] current net worth and financial condition," (2) "Documents that refer or relate to [his] accounting of income and profit for the past five (5) years," (3) "Documents that refer or relate to [his] accounting of expenses and losses for the past five (5) years," and (4) Loskutoff's "Federal tax returns for the past five (5) years." Dkt. No. 49, Ex. A. All of these requests are for the purposes of LLB's punitive damages calculations. Dkt. No. 49, at 3. Loskutoff objects on the grounds that (1) financial documents are protected by the right of privacy found in the California Constitution, Article 1, Section 1, (2) the request violates

1   California Civil Code Section 3295, (3) the request is overbroad, vague, and ambiguous, (4) the
2   request calls for irrelevant documents, and (5) tax returns are privileged.  Dkt. No. 49, Ex. A.
3   Loskutoff further asserts that LLB would not be prejudiced if the court were to postpone the
4   determination on the disclosure of his financial documents for the purposes of punitive damages
5   until after LLB demonstrated that it was entitled to such damages.  Dkt. No. 49, at 10.  LLB
6   responds by arguing (1) that the balancing test related to the right of privacy under the California
7   Constitution favors disclosure, (2) that Section 3295 is not applicable to discovery in this court, (3)
8   that some of Loskutoff's objections are impermissible boilerplate objections, and that (4)
9   documents related to a defendant's financial information are relevant to the issue of punitive
10  damages.
11      For the reasons described below, the court grants LLB's requests to compel disclosure in
12  part, and denies them in part.

### DISCUSSION

**1.   Documents Regarding Current Net Worth and Financial Information.**

Information related to a defendant's current net worth and financial condition is "clearly relevant to the issue of punitive damages." *Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW (DMR), 2011 WL 855831, at *1 (N.D. Cal. Mar. 9, 2011); *Charles O. Bradley Trust v. Zenith Capital LLC*, No. C-04-2239 JSW (EMC), 2005 WL 1030218, at *1 (N.D. Cal. May 3, 2005).  Defendant nevertheless resists the disclosure of his financial condition and net worth for the reasons mentioned above.

As the court's jurisdiction over this action is based on diversity of citizenship, state law governs claims of privilege.  Fed. R. Evid. 501.  But federal courts sitting in diversity apply federal procedural law.  *Hanna v. Plummer*, 380 U.S. 460 (1965).  Defendants' claims of privilege founded on California Civil Code Section 3295 thus fail because this section is procedural rather than substantive.  *Oakes v. Halverson Marine Ltd.*, 179 F.R.D. 281 (C.D. Cal. 1998).  As the *Oakes* court explains, "the statute is part of a pervasive statutory scheme for the purpose of establishing procedures for pleading exemplary or punitive damages and obtaining information relevant to that. . . . Section 3295(c) merely restricts when and how evidence of a defendant's

1 financial condition is obtained." *Id.* at 284-85. Section 3295 also conflicts with federal procedural rules—specifically, Fed. R. Civ. P. 26(b), which permits the discovery of financial information related to punitive damages. *Id.* at 286. The court, sitting in diversity, applies the latter (federal) rule.

Nevertheless, the court applies state law with respect to the substantive right to privacy. In California, this right to privacy is stated in Article I, Section 1 of the California Constitution. The state right to privacy is not absolute, but must be balanced against the countervailing public interests in disclosure. *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 37-38 (1994). In conducting this balancing test, the court must consider factors including "the purpose of the information sought, the effect that disclosure will have on the affected persons and parties, the nature of the objections urged by the party resisting disclosure[,] and availability of alternative, less intrusive means for obtaining the requested information." *Hooser v. Superior Court*, 84 Cal. App. 4th 997, 1004 (2000).

Here, the court determines that the interests favoring the disclosure of defendant's net worth and financial condition—"facilitating the ascertainment of truth in connection with legal proceedings,"[1] and obtaining the just resolution of claims—outweigh the countervailing interests favoring privacy, especially in light of the fact that the financial information can be disclosed pursuant to a protective order (to which LLB has offered to stipulate). *Vieste, LLC*, 2011 WL 855831, at *1; *Nicander v. Hecker*, No. C07-05838 JF (HRL), 2009 WL 5084087, at *1 (N.D. Cal. Dec. 21, 2009); *Charles O. Bradley Trust v. Zenith Capital LLC*, No. C-04-2239 JSW (EMC), 2005 WL 1030218, at *2 (N.D. Cal. May 3, 2005). Further, LLB does not have other, less intrusive means of obtaining defendant's financial information, Dkt. No. 49, at 6, and this information, in addition to being necessary for an award of punitive damages, *Adams v. Murakami*, 54 Cal. 3d 105, 114-16 (1991), could aid the parties in settling this matter, *See Charles O. Bradley Trust*, 2005 WL 1030218, at *3.

Defendant argues that, since his financial information is sought related to the issue of

---

[1] *Hooser*, 84 Cal. App. at 1004 (quoting *Moskowitz v. Superior Court*, 137 Cal. App. 3d 313, 316 (1982)).

1    punitive damages, the court should postpone discovery until a later stage of the proceedings, after
2    LLB has made a showing that it is entitled to punitive damages. Dkt. No. 49. But the majority of
3    federal courts to have considered this issue have declined to postpone the disclosure of financial
4    condition and net worth information. *Vieste, LLC*, 2011 WL 855831, at *2; *Charles O. Bradley*
5    *Trust*, 2005 WL 1030218, at *3. The disclosure of punitive damages information at this stage of
6    the action may assist the parties in coming to a settlement. *Id.* Further, the case defendant cites
7    for the proposition that discovery should be postponed, *Garcia v. City of Imperial*, 270 F.R.D. 566
8    (S.D. Cal. 2010) is distinguishable, in that it involved "an additional layer of liability analysis on
9    the question of qualified immunity" of the police officer defendants that is not present here.
10   *Vieste, LLC*, 2011 WL 855831, at *2.

11   Finally, defendant objects that the request for discovery of documents related to his net
12   worth and financial condition is "overbroad, vague, [and] ambiguous . . . ." Dkt. No. 49, Ex. A.
13   The court is not persuaded by defendant's objections regarding vagueness and ambiguity; the
14   language of the relevant requests for production should not be a barrier to identifying responsive
15   documents. The court is, however, persuaded that the requests for five years' worth of accounting
16   of income, profit, losses, and expenses is overbroad. "Discovery of Defendants' net worth and
17   financial condition should be limited to information about [his] *current* assets and liabilities, given
18   that 'past earnings and net worth cannot reasonably lead to relevant information on the issue of
19   punitive damages.'" *Vieste, LLC*, 2011 WL 855831, at *3 (quoting *Hughes v. Groves*, 47 F.R.D.
20   52, 55 (W.D. Mo. 1969)).

21   The court thus grants-in-part LLB's request to compel Loskutoff to produce documents
22   responsive to Requests for Production 1-3 (requesting information related to defendant's financial
23   condition and net worth and documents related to accounting of profits, income, losses, and
24   expenses), subject to two conditions. First, the financial information shall be disclosed pursuant to
25   a protective order, and shall be kept confidential and used only for the purposes of prosecuting,
26   defending, or attempting to settle this litigation. Second, Loskutoff need only produce the last 2
27   years' worth of accounting of profits, income, losses, and expenses, rather than the last 5 years'.
28   *See Vieste, LLC*, 2011 WL 855831, at *3.

**2. Tax Returns.**

As described above, state law governs claims of privilege in diversity actions. Fed. R. Evid. 501. Under California law, tax returns are privileged. *Schnabel v. Superior Court*, 5 Cal. 4th 704, 720 (1993); *Sav-On Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1, 6-7 (1975); *Webb v. Standard Oil Co. of Cal.*, 49 Cal. 2d 509 (1957).[2] The privilege protecting tax returns from disclosure is not absolute, but is instead subject to three exceptions. *Schnabel*, 5 Cal. 4th at 721. These exceptions are: "(1) there is an intentional relinquishment [of the privilege], (2) the gravamen of the lawsuit is so inconsistent with the continued assertion of the taxpayer's privilege as to compel the conclusion that the privilege has in fact been waived, or (3) a public policy grater than that of confidentiality of tax returns is involved." *Id.* Here, only the third exception is relevant; however, this exception is narrow, and the public policy favoring discovery in civil litigation is not independently sufficient to outweigh the privilege. *Fortunato v. Superior Court*, 114 Cal. App. 4th 475, 483 (2003)). Besides insufficient policies related to discovery, LLB did not put forward any compelling public policies outweighing the interest in non-disclosure. Additionally, LLB is likely to obtain the information contained in a tax return through other less intrusive methods—that is, through the other requests for production discussed above. Thus, the court declines to compel the disclosure of Loskutoff's tax returns. *See Deployment Med. Consultants, Inc. v. Pipes*, No. 08cv1959-JAH (BGS), 2010 WL 4853814 (S.D. Cal. Nov. 23, 2010).

## CONCLUSIONS

The court grants the request to compel the production of information related to defendant's net worth and financial condition subject to the conditions and limitations set forth above. The parties shall have 21 days from the date of this order to submit a mutually-agreed-upon protective

---

[2] The case LLB cites to support its argument that tax returns are not absolutely privileged does not appear to be one in which the court's jurisdiction was based on diversity of citizenship. *See Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225 (9th Cir. 1975) (involving an antitrust claim). The same is true for other cases cited by LLB. *Nicander v. Hecker*, No. C07-05838 JF (HRL), 2009 WL 5084087 (N.D. Cal. Dec. 21, 2009) (involving federal and state claims); *Haiping Su v. U.S.*, No. C09-02838 JW (HRL), 2011 WL 856273 (N.D. Cal. Mar. 9, 2011) (involving federal defendants). These decisions discuss the federal, not the state, policy concerning income taxes and do not apply here.

1    order, and Loskutoff shall have 7 days after that to complete his disclosures.[3]  The court denies the
2    request to compel the production of tax returns.
3          **IT IS SO ORDERED.**
4    Dated: 12/28/2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

---

[3] If the parties fail to reach agreement regarding the terms of a protective order, Loskutoff's disclosures will still be due 28 days from the date of this order, and they shall be subject to the confidentiality and use limitations set forth above.

6