UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LL B SHEET 1, LLC,

Plaintiff,

v.

MICHAEL J. LOSKUTOFF,

Defendant.

Case No. 16-cv-02349-BLF

**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE CASE SCHEDULE**

[Re: ECF 73]

On October 3, 2018, Defendant Michael J. Loskutoff ("Defendant") filed a motion seeking leave to augment his expert disclosures under Fed. R. Civ. Proc. 37. *See* Mot., ECF 73. Pursuant to the case management order in this case, expert disclosures were due on September 10, 2018. *See* ECF 56. Defendant failed to timely disclose his expert report by that deadline. On October 11, 2018, the Court construed Defendant's motion to be a motion to modify the case schedule under Fed. R. Civ. Proc. 16(b)(4), which requires good cause and the Court's consent. *See* ECF 77. Plaintiff LL B Sheet 1, LLC ("Plaintiff") opposes the motion. Defendant served his expert report on Plaintiff on October 9, 2018.

The Court finds good cause to extend the deadline. Defendant's failure to meet the deadline was the result of a calendaring error and his retained expert's surprise unwillingness to participate at trial. *See* Mot. at 3; Marsh Decl. ISO Mot. ¶ 4, ECF 74. Defendant's failure to timely disclose was the product of excusable negligence, not a willful attempt to avoid Court-ordered deadlines. *See* Marsh Decl. ¶ 2. Immediately upon discovering the calendaring error, Defendant informed Plaintiff of the issue, gave Plaintiff notice of an expected delivery date, and offered to work with Plaintiff to cure any possible prejudice. *See id.* ¶¶ 2, 6. He then worked with a new expert and was able to produce and disclose a report just a few weeks after the deadline.

*See generally* Marsh Decl. Defendant thus was diligent in his attempts to cure his neglect.

Moreover, this failure will not prejudice Plaintiff. Trial is set for this case in April of 2019, and though fact discovery closed on August 18, 2018, the deadline to take several additional depositions is not until December 31, 2018. *See* ECF 56, 68. The delay of four weeks some seven months before trial will not prejudice Plaintiff, especially in light of the fact that fact discovery has not fully closed and Defendant provided notice and updates to Plaintiff on the status of the disclosure throughout the month in which he delayed. *See* Marsh Decl. ¶¶ 6–7. Plaintiff argues it will be prejudiced because it cannot complete discovery before the current discovery cut-off of November 9, 2018, *see* Opp. at 7–8, ECF 79, but the Court will move that date as discussed below. By contrast, Defendant could be substantially prejudiced if the Court were to foreclose his ability to proffer expert testimony, as his expert is opining on the standard of care for due diligence in the purchase of lease rights to cellular towers as well as the valuation of Defendant's lease rights. *See* Marsh Decl. ¶ 6. Plaintiff's concern that Defendant's new expert may rely on previously withheld documents upon which attorney-client privilege was asserted is a serious issue. However, it is best addressed through a motion in limine to exclude any such opinions.

For the foregoing reasons, the Court GRANTS Defendant's motion to modify the case schedule. Because Plaintiff has now had Defendant's expert report for nearly a month, the deadline for Plaintiff to serve its expert rebuttal report is **November 16, 2018**. The expert discovery cut-off date is **December 17, 2018**. The Court will not move the last day to hear dispositive motions. Such a schedule change would cause a substantial trial delay due to the already over-burdened trial schedule of the Court. Defendant is ordered to comply quickly and comprehensively to any expert discovery request by Plaintiff. Finally, the Court does not find Defendant's behavior here worthy of sanctions under Rule 16(f). Plaintiff's request for fees related to expert discovery is DENIED.

**IT IS SO ORDERED.**

Dated: November 1, 2018

BETH LABSON FREEMAN
United States District Judge