UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LL B SHEET 1, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. LOSKUTOFF,<br><br>　　　　Defendant. | Case No. 16-cv-02349-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SANCTIONS; VACATING APRIL 4, 2019 HEARING**<br><br>[Re: ECF 76] |

Before the Court is Plaintiff LL B Sheet 1, LLC's motion for sanctions for Defendant Michael J. Loskutoff's failure to comply with a court-ordered discovery deadline. *See* Mot, ECF 76. The Court finds the motion suitable for disposition without oral argument and VACATES the April 4, 2019 hearing on the motion.

On December 28, 2016, Magistrate Judge Howard R. Lloyd ordered Defendant to produce documents regarding his current net worth and financial information within seven days of the issuance of a protective order in the case. *See* ECF 58. On June 2, 2017, the parties stipulated that Defendant's deadline to comply would be May 19, 2018. *See* ECF 64. May 19, 2018 came and went, and Defendant did not produce the documents. *See* Saba Decl. ISO Mot. ¶ 6, ECF 76-1. Fact discovery closed in the case on August 17, 2018, and initial expert reports were due September 10, 2018. *See* ECF 56.

In its motion, Plaintiff argues that Defendant's failure to comply with the court-ordered discovery deadline has prejudiced it because it needs Defendant's financial information to support any potential imposition of punitive damages in this case. *See generally* Motion. As such, Plaintiff argues Defendant's failure warrants sanctions under Federal Rule of Civil Procedure 37. At first, Plaintiff argued such sanctions should include an adverse jury instruction, evidentiary

sanctions, and issue sanctions. *See id.* at 1. However, in its reply, it abandons those specific requests—unless Defendant continues to fail to produce the documents by the time of trial—and instead asks for monetary sanctions "for all fees and costs associated with the instant motion and additional effort that has to be expended to get Defendant to comply with the prior Court order." Reply at 4, ECF 85. Plaintiff claims it is prejudiced by Defendant's failure because both fact and expert discovery are now closed, and because Defendant's failure to timely comply has cost Plaintiff additional resources.

In opposition, Defendant concedes that he missed the May 2018 deadline, but argues his noncompliance was due to attorney turn-over, not bad faith. *See* Opp. at 4, ECF 81. He also argues against Plaintiff's original sanctions request by noting that "monetary sanctions related to the increase [sic] costs and expense to Plaintiff to complete its discovery of Defendant's financial condition would be the more appropriate and just relief." *See* Opp. at 11.[1] Finally, on October 12, 2018, Defendant provided Plaintiff with certain documents regarding his financial status. *See* Ballasteros Decl. ISO Opp. ¶ 8, ECF 81-1. Plaintiff argues this production is still not fully compliant with the court order, *see* Reply at 1–2, to which Defendant responds that he intends to produce additional documents or otherwise substantively respond to Plaintiff's objections by October 2, 2018—which the Court interprets to mean November 2, 2018.

As an initial matter, it appears that Defendant fully understands his obligation to comply with the discovery order and is engaged in that compliance. Thus, it is premature for the Court to consider evidentiary and issue preclusion matters before the time of trial, and thus the Court DENIES WITHOUT PREJUDICE Plaintiff's initial request for issue and evidentiary sanctions at trial, as Plaintiff concedes is appropriate. Should Defendant continue to fail to comply with his obligation to produce the documents, Plaintiff may seek to exclude the related evidence at trial through motions in limine. But, for now, with trial set in April 2019, there is sufficient time to complete the deficient discovery.

---

[1] This concession is the only piece of information the Court considers from pages 11 and 12 of Defendant's opposition, as the Court's standing order requires that oppositions of this type not exceed ten pages.

Next, Plaintiff requests monetary sanctions for the costs of this motion and the additional effort required to garner Defendant's compliance. To the extent costs are sought for any amendment of Plaintiff's expert discovery report or any deposition of Defendant related to his financial status, the motion is DENIED WITH PREJUDICE. The Court finds that Plaintiff would have had to expend these costs even if Defendant had complied with the original May deadline. The same is true as to any discovery dispute that might arise related to the scope of Defendant's eventual production. Because Plaintiff would have had to litigate the dispute even had Defendant met the deadline, any request for costs associated with any such dispute is DENIED WITH PREJUDICE. However, to the extent costs are sought related to this motion or future efforts to garner Defendant's compliance with the court order to produce these documents—such as costs associated with meet and confers or drafting stipulations—the motion is DENIED WITHOUT PREJUDICE to Plaintiff bringing a motion seeking costs that sets out a specific request, including a sum certain, that the Court could award. While the Court finds such a request reasonable, it will not write Plaintiff a blank check by granting his request without such specifics.

Though Plaintiff's motion is denied, the Court recognizes that Defendant may not yet have produced the required documents and that fact and expert discovery have already closed, such that Plaintiff can no longer take Defendant's deposition relating to this issue and can no longer amend its expert report. As such, the parties are ORDERED to submit a joint stipulation **on or before November 21, 2018** that sets forth a schedule in advance of trial that can remedy the prejudice rendered on Plaintiff due to Defendant's failure to comply with the deadline. To the extent the schedule includes a deposition of Defendant, the deposition shall be limited only to Defendant's financial status and net worth. The stipulation should include, but perhaps will not be limited to, new deadlines to produce the full set of documents, file an amended expert report and rebuttal, depose Plaintiff, and file any related motion to compel or discovery dispute with the magistrate judge.

**IT IS SO ORDERED.**

Dated: November 14, 2018

_____
BETH LABSON FREEMAN
United States District Judge